IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA    : | |
| : | |
| vs.    : | |
| : | Cr. No. 09-278 |
| : | |
| ROBERT J. CABELLY,    : | MOTION FOR PROTECTIVE ORDER: |
| : | |
| Defendant.    : | |
| _____: | |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The United States of America, by and through its counsel of record, the United States Attorney for the District of Columbia, in order to protect the national security, hereby applies to this court to issue a Protective Order regarding the disclosure and dissemination of classified national security information and documents. This application is made pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. III (2000) ("CIPA"), Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025 by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA section 9) (hereinafter "Security Procedures"), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure and the general supervisory authority of the Court.  Counsel for the defense has reviewed and consented to the filing of this motion.

**I.     INTRODUCTION**

Defendant Robert J. Cabelly has been charged in an eight-count Indictment charging him with one count of conspiring to violate the Sudanese Sanctions Regulations and to act as an unregistered agent of a foreign power, in violation of 18 U.S.C. § 371; four counts of violating the Sudanese Sanction Regulations, in violation of 50 U.S.C. §§ 1701-1706 and 31 C.F.R. Part 538; as well as one count apiece of money laundering, in violation of 18 U.S.C. § 1956; passport fraud, in violation of 18 U.S.C. § 1542, and making false statements, in violation of 18 U.S.C. § 1001.

During the course of this case, the Defendant and his counsel will be provided access to certain U.S. government documents and information classified at the "Confidential," "Secret," and possibly "Top Secret" levels. "Top Secret" information is information the unauthorized disclosure of which reasonably could be expected to cause exceptionally grave damage to the national security. Exec. Order No. 12,958, § 1.3(1). "Secret" information is information the unauthorized disclosure of which reasonably could be expected to cause serious damage to the national security. Id. § 1.3(2). "Confidential" information is information the disclosure of which reasonably could be expected to cause damage to the national security. Id. § 1.3(3). Accordingly, it is necessary that there be no disclosure or dissemination of the classified documents or classified information except as provided by order of this Court.

**II.    PROCEDURES**

To protect against the unauthorized disclosure of classified information or documents, Congress has provided for the use of protective orders. The Classified Information Procedures Act ("CIPA") provides that "[u]pon motion of the United States, the court shall issue an order to

protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district court of the United States." CIPA, 18 U.S.C. App. III, § 3. Security procedures for the protection against unauthorized disclosure of any classified information in the custody of the United States District Courts, Courts of Appeal, and Supreme Court were issued pursuant to CIPA in 1981. The protective order sought by the United States and attached hereto institutes detailed procedures consistent with the Security Procedures and provides for the appointment of specific individuals as Court Security Officer and alternate Court Security Officers.

The following is a summary of certain of these procedures:

### Court Security Officer

Where the court has or reasonably expects to have custody of classified information, the court shall designate a Court Security Officer. The Department of Justice recommends to the court persons qualified to serve as court security officer, and the court makes a selection from the persons so recommended. The court security officer may be an employee of the Executive Branch of Government detailed for this purpose. The court may designate alternate Court Security Officers from the list of those recommended by the Department of Justice. The Court Security Officer is responsible to the court for document, physical, personnel and communications security. (Security Procedures, ¶ 2.)

### Secure Quarters

Certain proceedings must be held in secure quarters recommended by the Court Security Officer and approved by the Court. (Security Procedures, ¶ 3.)

### Personnel Security--Court Personnel

Judges are not required to have security clearances, but may if they so desire. The Court shall inform the Court Security Officer of the names of court personnel who may require access to classified information. The Department of Justice shall then arrange to obtain necessary security clearances. (Security Procedures, ¶ 4.)

### Jury

No security clearance is required for jurors. (Security Procedures, ¶ 6.)

### Custody and Storage of Classified Materials

Classified information submitted to the court shall be placed in the custody of the Court Security Officer. The materials shall be stored in a safe or safe-type steel file cabinet with combination lock. (Security Procedures, ¶ 7b.)

### Access to Court Records

Access to classified information by court personnel is limited to the minimum number of cleared personnel necessary. Except as otherwise authorized by a protective order, persons acting for the defendant may not be given custody of classified information provided by the government. The Court may permit such persons access to the classified information in secure quarters, but such classified information shall remain in the control of the court security officer. (Security Procedures, ¶ 8a.)

### Telephone Security

Classified information shall not be discussed over standard commercial telephones or office communication systems. (Security Procedures, ¶ 8b.)

<u>Classification Markings</u>

The Court Security Officer, after consultation with the attorney for the government, is responsible for marking all court documents containing classified information with the appropriate classification markings. Every document filed by the defendant shall be filed under seal with the Court through the court security officer or his or her designee, unless defense counsel has obtained permission from the court security officer, specific to a particular, non-substantive pleading or document (e.g., motions for extensions of time, continuances, scheduling matters, etc.) that does not contain information that is or may be classified or under seal, to file the document not under seal.  The Court Security Officer shall promptly examine the document filed under seal and, in consultation with the government, determine whether it contains classified information.  If the document does not contain classified information, it shall be unsealed and placed in the public record. (Security Procedures, ¶ 9a.)

<u>Final Disposition</u>

After the conclusion of the proceedings in the case, including appeals, the Court shall release all materials containing classified information to the Court Security Officer for disposition. (Security Procedures, ¶ 11.)

<u>Expenses</u>

Expenses of the United States Government that arise in connection with the implementation of these security procedures shall be paid by the Department of Justice or other agency of the Executive Branch. (Security Procedures, ¶ 12.)

Interpretation

Questions of interpretation of the security procedures shall be resolved by the Court in consultation with the Department of Justice Security Officer (a person different from the Court Security Officer) and the appropriate Executive Branch agency security officer. (Security Procedures, ¶ 13.)

**III.   ADVISORIES**

The Court is advised that the undersigned counsel for the government, Assistant United States Attorneys Gregg A. Maisel, Jeffrey Beatrice and Michael DiLorenzo, and Department of Justice Attorneys John J. Dion, Steven Pelak, and Patrick T. Murphy hold "Top Secret" U.S. government security clearances and are authorized to have access to the classified information involved in this case. The Court is further advised that the persons listed in paragraph 5 of the proposed Protective Order are Department of Justice Security Officers who also hold "Top Secret" U.S. government security clearances and who also are authorized to have access to the classified information involved in this case. The Court is further advised that counsel for defendant, Aitan Goelman, Amit P. Mehta, and Jason Knott hold a "Top Secret" U.S. government security clearance and are authorized to have access to the classified information involved in this case.  No other member of the defense team is currently cleared to have access to such information.

Respectfully submitted this 26th day of November, 2009.

        CHANNING D. PHILLIPS
        ACTING UNITED STATES ATTORNEY
        D.C. Bar Number 415-793


        _____/s/_____
        MICHAEL C. DILORENZO
        Assistant United States Attorney
        MD Bar # 931214 0189
        National Security Section
        United States Attorney's Office
        555 Fourth Street, N.W., 11th Floor
        Washington, D.C.  20530
        (202) 307-0618
        michael.dilorenzo@usdoj.gov


        _____/s/_____
        PATRICK T. MURPHY
        Trial Attorney
        NY Bar # 2750602
        Counterespionage Section
        U.S. Department of Justice
`        1400 New York Avenue, N.W.
        Washington, D.C.  20005
        (202) 305-7003
        patrick.murphy@usdoj.gov


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the Government's Motion for Protective Order and the proposed Order has been served by me this date, by electronic filing to counsel for the defendant, Aitan Goelman, Esquire and Amit Mehta.

        _____/s/_____
        MICHAEL C. DILORENZO
        Assistant United States Attorney

Date: November 26, 2009