UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No.: 09-278 (JDB) |
| v. | : | |
| | : | |
| **ROBERT J. CABELLY,** | : | |
| | : | |
| **Defendant** | : | |

### GOVERNMENT'S NOTICE OF INTENT TO PROCEED
### PURSUANT TO TITLE 50, U.S.C. §§ 1806(f) and 1825(g)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby notifies this Court of its intent to proceed pursuant to Title 50, U.S.C. §§ 1806(f) and 1825(g), in responding to various discovery requests made by the defense in a letter dated January 19, 2010, and in support of this notice, states the following:

1. On October 22, 2009, the defendant, Robert J. Cabelly ("Cabelly"), was charged in an eight-count indictment with conspiracy to violate the Sudanese Sanctions Regulations and related offenses. He was arraigned before a U.S. magistrate judge on October 27, 2009.

2. On October 29, 2009, the Government notified Cabelly of its intent to use information obtained and derived pursuant to the Foreign Intelligence Surveillance Act ("FISA"), Title 50, U.S.C. §§ 1801-1812 and 1821-1829, as required by Title 50, U.S.C. § 1806(c). Cabelly is an aggrieved person, as defined by FISA, with respect to the information at issue in the Government's October 29, 2009, notice. *Cf.* 50 U.S.C. §§ 1801(k) and 1821(2).

3. By letter dated January 19, 2010, Cabelly invoked Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure and sought discovery of "(i) warrants and applications for

    warrants, whether sought under 18 U.S.C. § 2518 et seq. ("Title III") or 50 U.S.C. § 1801 et seq. ("FISA"), (ii) any court orders obtained under Title III or FISA; (iii) any applications and orders relating to extensions for electronic surveillance; (iv) summaries or transcripts of intercepted calls; and (v) any written procedures, including minimization procedures, governing the government's interception of calls. . . . [as well as a]ll documents relating to any and all covert searches of Mr. Cabelly's place of business and residence on May 7, 2007, whether conducted under 50 U.S.C. § 1822 or any other statute, regulation or administrative rule, including but not limited to: (i) warrant and applications for warrants; (ii) any court orders obtained; (iii) inventories or materials seized *or duplicated* during the covert searches; (iv) any memoranda describing the operation of the covert searches; (v) any photographs or video taken during the covert searches; and (vi) any written procedures, including minimization procedures, governing the covert searches." Ex. A.

4.    Title 50, U.S.C. § 1806(f) ("§ 1806(f)") states in pertinent part that "whenever any motion or request is made by an aggrieved person pursuant to any other statute or rule of the United States," the United States District Court "shall, notwithstanding any other provision of law, if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, review in camera and ex parte the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance was lawfully authorized and conducted. In making this determination, the court may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application,

order, or other materials relating to the surveillance only where such disclosure is necessary to make an accurate determination of the legality of the surveillance." Title 50, U.S.C. § 1825(g) ("§ 1825(g)") contains a similar provision.

5.  The legislative history of FISA shows that the Senate Judiciary Committee added the "motion . . . pursuant to any other statute or rule . . . to discover" language to FISA to ensure that a moving party could not bypass FISA's *in camera* and *ex parte* procedures by invoking a different process: "The Committee wishes to make very clear that the procedures set out in [§ 1806(f)] apply whatever the underlying rule or statute referred to in the motion." S. Rep. No. 95-701, at 63. In other words, Congress added the discovery language to ensure, in part, that motions practice does not operate to deprive the Government of its right to invoke the Court's *ex parte, in camera* review of FISA surveillance when FISA-obtained and/or -derived information is to be used against an aggrieved person.

6.  Cabelly's January 19, 2010, letter is a discovery "request" made under a "rule" of the United States (*i.e.,* FED. R .CRIM. PRO. 16(a)(1)(E)), and as such the provisions of §§ 1806(f) and 1825(g) are implicated. The Government intends to proceed under §§ 1806(f) and 1825(g), and intends to file an affidavit signed by the Attorney General asserting the harm to the national security of the disclosure sought by Cabelly as contemplated by those sections. The Government also intends to file with the Court classified materials to enable the Court to conduct the *in camera, ex parte* review mandated by §§ 1806(f) and 1825(g), and to publicly file such unclassified materials as are appropriate.

WHEREFORE, the government files this notice of its intent to proceed pursuant to Title 50, U.S.C. §§ 1806(f) and 1825(g) in responding to various discovery requests made by the defense.

                                          Respectfully submitted,

                                          RONALD C. MACHEN JR.
                                          UNITED STATES ATTORNEY
                                          D.C. Bar Number 447-889

By: _____
      MICHAEL C. DILORENZO
      Assistant United States Attorney
      MD Bar No. 931214 0189
      National Security Section
      United States Attorney's Office
      555 4th Street, N.W. – Room 11-441
      Washington, D.C.  20530
      (202) 307-0618
      (202) 307-6059 (fax)
      Michael.Dilorenzo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing notice was served upon defense counsel, Aitan Goelman, on April 7, 2010 via ECF.

                                          _____
                                          Michael C. DiLorenzo
                                          Assistant U.S. Attorney