UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 09-278 (JDB)** |
| **v.** : | |
| **ROBERT J. CABELLY,** : | |
| Defendant. : | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR ACCESS TO CLASSIFIED DISCOVERY**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's reply brief in support of his motion for access to classified discovery. In a motion for access to classified discovery dated June 18, 2010, defendant, citing Rule 16 of the Federal Rules of Criminal Procedure, claimed that not only defense counsel, who possesses a security clearance, but also defendant, who does not possess a security clearance, should be granted access to all classified discovery information disclosed to cleared defense counsel in this case. The United States opposed that claim in a written response. In a reply brief dated July 16, 2010, defendant raised new Rule 16 arguments, namely, that defendant was entitled to personally review classified discovery insofar as it consisted of his written or recorded statements as well as evidence that was obtained from or belonged to him. The United States now submits this supplemental response to those new arguments. In support, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**BACKGROUND**

1.      In a motion for access to classified discovery dated June 18, 2010, defense counsel claimed, among other things, that defendant should be granted access to classified discovery. Defense counsel supported that claim with, *inter alia*, two arguments based on Rule 16 of the Federal Rules of Criminal Procedure: 1) under Rule 16(a)(1), defendant was entitled to access to any classified discovery that was "material" to the preparation of the defense (Def. Mot. At 8); and 2) under Rule 16(d)(1), the court had authority to grant defendant "unfettered access" to classified discovery (Def. Mot. at 9).

2.      In its response and in discovery letters, the United States referred to the large amount of classified discovery that had been disclosed to defense counsel, the subset of that classified discovery that had been further disclosed to defendant, and a proposed process for defense counsel to follow to seek additional access by defendant to items of classified discovery disclosed to defense counsel. Specifically, defense counsel was invited to identify each classified item that counsel wanted defendant to review and briefly describe why that access was necessary to provide meaningful representation. The United States further proposed that such information could be relayed by defense counsel to a filter prosecutor who would not disclose defense counsel's request to any member of the prosecution trial team.

3.      In a reply brief dated July 16, 2010, defendant tendered new arguments in support of his Rule 16 claim, namely, that, under Rule 16(a)(1)(E)(I) and (a)(1)(B) of the Federal Rules of Criminal Procedure, defendant was entitled to personally review classified discovery insofar as it consisted of his written or recorded statements as well as evidence that was obtained

from or belonged to him.  (Def. Reply Brief at 1, 3 n.4, 7).  Our response to those new arguments is set forth below.

## ARGUMENT

As noted above, the United States invited defense counsel to identify each classified item that counsel wanted defendant to review and briefly describe why that access was necessary to provide meaningful representation.  The United States further proposed that such information could be relayed by defense counsel to a filter prosecutor who would not disclose defense counsel's request to any member of the prosecution trial team.  Defendant objects that such a process violates Rule 16 by denying him access to his written and recorded statements and to evidence that was obtained from or belonged to him, and relatedly complains that it is unduly burdensome to require defense counsel to identify individual items of discovery to the prosecution and seek permission to disclose those items to defendant, and that such a process prejudices defendant by allowing the prosecution to gain insights into defense trial strategy. Defendant's claim is meritless.

A court is authorized to determine *ex parte* whether classified items are properly required to be disclosed, and may prohibit defense counsel from communicating the contents of such items to a defendant unless and until the court rules that the materials must be produced.  United States v. Truong Dinh Hung, 667 F.2d 1105, 1107-08 (4th Cir. 1981).  In addition, under Rule 16, a court, for "good cause," may at any time deny, restrict, or defer discovery or inspection, or grant other appropriate relief – and protecting classified information from unauthorized disclosure provides such good cause.  United States v. Abu Jihad, 2007 WL 2972623 (D.Conn.).

Here, under the process proposed by the United States, defense counsel may ask the filter prosecutor to allow access by defendant to any item of classified discovery, including written or recorded statements of the defendant or evidence that was obtained from or belonged to him. Thereafter, if the prosecutor refuses to consent to disclosure, defense counsel may, consistent with Truong, apply to the court for *ex parte* review of the disclosure issue, and the court may prohibit counsel from revealing the item to defendant, at least during the court's review.

Moreover, the process we suggest does not risk disclosing defense strategy to the prosecution trial team, since, as noted above, the filter prosecutor will not reveal to the trial team any information concerning a defense request to allow access by defendant to a particular classified item.

In addition, it is difficult to see how this process is unduly burdensome. Of course, defense counsel must review classified discovery regardless of whether counsel is permitted to disclose a discovery item to defendant. During that review, defense counsel will not be unduly burdened by merely identifying items of classified discovery that, in counsel's opinion, must be accessed by defendant in order to allow meaningful representation. Once those items are identified, counsel need only briefly describe them, and provide a brief reason for the need for defendant's access, to the filter prosecutor.

Given the above, the fact that defendant may not gain personal access to *all* his classified written or recorded statements, or *all* classified evidence that was obtained from or belonged to him, does not violate Rule 16. Indeed, in at least one high-profile terrorism case, a district court has rejected similar defense arguments made in the context of litigation pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3 (1980). Specifically, in United

States v. Bin Laden, 2001 WL 66393 (S.D.N.Y), the court issued a protective order allowing cleared defense counsel for codefendant Wadih El Hage to have access to certain classified records, but prohibited counsel from sharing the contents of those records with El Hage. Id. at 3. Defense counsel claimed that their task in discerning the relevance and materiality of the classified information was rendered difficult by their inability to confer with El Hage, and that CIPA, insofar as it required them to notify the prosecutor of classified information that counsel expected to disclose and briefly describe that information, impermissibly provided the prosecutor with a "preview" of the defense cross-examination. Id. at 5. The court, citing Truong for support, rejected those claims, holding that the defense complaints of prejudice were speculative, that the defense had no right under the Confrontation Clause to "undiminished surprise" in cross-examination, and that in any event defense counsel, while having to provide a brief description of the contested information to the trial prosecutor, would be permitted to explain the proposed use of the information to the court *in camera*. Id. at 6.

Our proposed process is slightly different from the process employed in Bin Laden in that we recommend that defense counsel, at least initially, identify the need for defendant's access to the classified information at issue to the filter prosecutor rather than the court. However, our proposal nonetheless satisfies the same defense concern as that raised in Bin Laden – preventing disclosure of defense counsel's information to the trial prosecution team – and has the added benefit of conserving judicial resources by requiring the parties to attempt to resolve such disclosure claims before bringing them to the court for resolution. At lease one other district court has upheld a similar procedure. See United States v. Chalmers, 2007 WL 591948 (S.D.N.Y.)(court, in rejecting challenge to protective order by defendant who did not have

security clearance, noted that "if there is classified information that defense counsel wish to share with their clients and the Government has not consented, counsel may ask for relief at that time.")

The other reasons given by the Bin Laden court in rejecting the defense claims – most notably that the asserted prejudice was speculative – apply with equal force to defendant's new Rule 16 arguments.

WHEREFORE, for the reasons stated above, the United States respectfully submits that defendant's motion for access to classified discovery be denied.

                Respectfully submitted,

                RONALD C. MACHEN JR.
                UNITED STATES ATTORNEY
                D.C. Bar Number 447-889


                          /s/
                David J. Mudd
                Special Assistant United States Attorney
                D.C. Bar Number 995-154
                National Security Section
                United States Attorney's Office
                555 Fourth Street, N.W., 11th Floor
                Washington, DC 20530
                (202) 514-6946
                david.mudd2@usdoj.gov

                MICHAEL C. DILORENZO
                Assistant United States Attorney
                MD Bar Number # 931214 0189
                National Security Section
                United States Attorney's Office
                555 Fourth Street, N.W., 11th Floor
                Washington, DC 20530
                (202) 307-0618
                michael.dilorenzo@usdoj.gov
                PATRICK T. MURPHY

                                        Trial Attorney
                                        NY Bar # 2750602
                                        Counterespionage Section
                                        National Security Division
                                        U.S. Department of Justice
                                        1400 New York Avenue, N.W.
                                        Washington, D.C. 20005
                                        (202) 305-7003
                                        patrick.murphy@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing Government's Supplemental Response to Defendant's Reply Brief in Support of His Motion for Access to Classified Discovery was served upon defense counsel, Aitan Goelman, on July 29, 2010, via ECF.

                                        _____/s/_____
                                        David J. Mudd
                                        Special Assistant United States Attorney
                                        D.C. Bar Number 995-154
                                        National Security Section
                                        United States Attorney's Office
                                        555 Fourth Street, N.W., 11th Floor
                                        Washington, DC 20530
                                        (202) 514-6946
                                        david.mudd2@usdoj.gov