IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )  No. 1:09-cr-00278-JDB<br>)<br>ROBERT J. CABELLY, )<br>)<br>Defendant. )<br>) | |

## DEFENDANT ROBERT J. CABELLY'S OPPOSITION TO GOVERNMENT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL RESPONSE TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR ACCESS TO CLASSIFIED DISCOVERY

Defendant Robert J. Cabelly respectfully requests that the Court deny the government's motion for leave to file a surreply in response to Defendant's reply brief in support of his Motion for Access to Classified Discovery. The government offers no legitimate basis for filing a surreply. It relies on defendant's additional citation in his reply brief to a disclosure requirement under Rule 16(a)(1)(B) – for defendant's written and recorded statements – to opportunistically submit a memorandum of law that does nothing more than restate and amplify arguments already advanced in its opposition to deny Mr. Cabelly access to discovery and to propose a filter-team process. The filing of a surreply brief for that purpose is improper.

Surreply briefs are disfavored in this jurisdiction. *See Hairston v. Tapella*, 664 F. Supp. 2d 106, 109 n.1 (D.D.C. 2009); *see also Schmidt v. Shah*, 696 F. Supp. 2d 44, 59 (D.D.C. 2010) (observing, in a civil case, that "surreplies [are] not authorized by the Local Rules"); Local Cr. R. 47 (permitting parties to file only a single memorandum in opposition to a motion). The Court may permit the filing of a surreply only if the party seeking to file "would be unable to contest

matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 621 (D.D.C. 2001).

Defendant's additional citation to Rule 16(a)(1)(B) in his reply brief raised no new issue. Defendant's motion and reply brief both argued that the government has denied Mr. Cabelly access to intercepted emails and telephone communications to which he is a party and that, as a criminal defendant, he is entitled to review those materials under Rule 16. The government was on notice that Mr. Cabelly was seeking access to his written and recorded statements. The additional citation to Rule 16(a)(1)(B) in the defendant's reply brief, therefore, did not raise a "new" issue.

Moreover, the reply brief's citation to Rule 16(a)(1)(B) did not render the government unable to contest Mr. Cabelly's request for access to discovery. That is evident on the face of the proffered surreply. The surreply does not even address the Rule 16(a)(1)(B) citation – for instance, the government does not deny that the requested materials are, in fact, Mr. Cabelly's written and recorded statements – but instead is devoted entirely to defending the government's withholding of discoverable material and its proposed filter process, two arguments that the government had a sufficient opportunity to brief in its opposition. The use of a surreply for that purpose is improper under the rules of this Court and should be rejected.

2659770.1

## CONCLUSION

For the foregoing reasons, Defendant Robert J. Cabelly respectfully requests that the Court deny the government's motion to file a surreply brief.

July 30, 2010                               Respectfully submitted,

                                            /s/
                                            Aitan D. Goelman, D.C. Bar No. 446636
                                            Amit P. Mehta, D.C. Bar No. 467231
                                            Jason M. Knott, D.C. Bar No. 487636
                                            ZUCKERMAN SPAEDER LLP
                                            1800 M Street, N.W.
                                            Washington, D.C. 20036
                                            (202) 778-1800

                                            *Counsel for Defendant Robert Cabelly*

2659770.1

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Reply Brief In Support of Motion for Access to Classified Discovery to be served by electronic filing, on this 30th day of July, 2010:

>Michael DiLorenzo, Esq.
>Assistant United States Attorney
>United States Attorney's Office for
> the District of Columbia
>555 4th Street, N.W.
>Washington, D.C. 20530

/s/
Amit P. Mehta
