UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 09-278 (JDB) |
| | : | |
| v. | : | |
| | : | |
| ROBERT J. CABELLY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S BRIEF

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this brief in response to the Court's order, dated May 2, 2011, in which the Court directed the parties to submit briefs, each limited to ten pages, detailing their positions and any relevant authority in support of those positions on the following two issues:

1. The proper order of the parties' identification of exhibits or other information related to the CIPA proceedings; and

2. The use of a taint team for review of defendant's CIPA §5 submission.

## ARGUMENT

**1. It is Appropriate for the District Court to Order the Government to Submit a Preliminary List of Trial Witnesses and Exhibits Prior to Defendant's Filing of His CIPA §5 Submission, Provided that the Defense First Makes a Specific Showing that Such Disclosure is Material to the Preparation of the Defense and Reasonable in Light of the Circumstances Surrounding the Case, and that the Court Allow the Government to Make Reasonable Amendments to the List before Trial.**

At the previous status hearing, the Court mentioned the possibility of directing the government to file a preliminary list of witnesses and exhibits to facilitate the CIPA-related litigation in this case. The government believes that such a requirement would be appropriate, provided that the defense first makes a specific showing that such disclosure is material to the

preparation of the defense and reasonable in light of the circumstances surrounding the case, and that the Court allow the government to make reasonable amendments to the preliminary list before trial.

The Due Process Clause does not entitle a defendant to compel the government to identify the nature and relevance of the trial testimony of government witnesses prior to the defense filing of a CIPA §5 notice, particularly where, as here, the government has provided the defense with voluminous pretrial discovery relevant to the charges.  See United States v. Rosen, 518 F.Supp.2nd 798, 799 (E.D.Va. 2007).  In addition, while CIPA requires the government to provide a defendant with all classified and non-classified discovery materials before the defendant is required to file a CIPA §5(a) notice, CIPA does *not* require the government to reveal further details of its case unless necessary to give the defendant fair notice to prepare for a hearing under CIPA §6.  See United States v. Ivy, 1993 WL 316215 (E.D.Pa.).

However, other authorities provide district courts with the power to compel pretrial disclosure of the identity of government trial witnesses and exhibits, provided that the district court does not abuse its discretion.  See United States v. W.R. Grace, 526 F.23d 499, 509-11 (9th Cir. 2008)(en banc)(listing circuits that have held that district courts may require government to disclose witness list in advance of trial, and discussing bases of district court's authority to do so); United States v. Poindexter, 725 F.Supp 13, 22-23 (D.D.C. 1989)(government required to provide defense with all classified documents it intended to use in case-in-chief before defendant made CIPA §5 disclosure).  In order to justify such disclosure, the defense must make a specific showing that the disclosure is material to the preparation of the defense and reasonable in light of the circumstances surrounding the case; "abstract" or "conclusory" claims are insufficient.  See

United States v. Cannone, 528 F.2d 296, 300-02 (2nd Cir. 1976)(en banc)(holding that defense request for pretrial witness list failed to satisfy showing where defense merely claimed that such disclosure was "necessary to its proper preparation for trial"); United States v. North, 1988 WL 148504 (D.D.C.)(denying defense request for order directing prosecutor, 20 days before defendant's CIPA §5 notice was due, to disclose certain details of charges where prosecutor already had disclosed documents and witnesses it intended to use in case-in-chief).

A recent example of a district court's restrained exercise of its power to compel pretrial disclosure of a preliminary list of the government's exhibits and witnesses can be found in United States v. Rahmani, et al., 2009 WL 151524 (C.D.Cal.), where defendants filed pretrial motions to compel the government to provide the defense with such information. The government opposed the defense requests, arguing that the Federal Rules of Criminal Procedure did not compel the government to disclose trial exhibits in advance of trial. Id. The district court, citing Grace, supra, held that it had the authority to compel the government to provide such a list to the defense before trial. Id.

However, the district court recognized that the government would face difficulty in identifying each exhibit in the exact manner that it would be identified at trial, and that the government would need to amend its list if, for example, the court were to grant a defense motion to dismiss. Id. The Court therefore held that the government would not have to "tag" each exhibit in the exact manner that the exhibit would be identified at trial, and that the government could delay filing a final list of exhibits and witnesses until after the court had ruled on defense motions to dismiss. Id. This flexibility is consistent with the Grace panel's recognition that the lower court, in "freezing" the government's pretrial witness list, may have

been more flexible had the government sought relief from the Court to amend the list rather than rely on a unilateral reservation of its right to do so, and avoided appearing "unable to get its trial preparation under control" in a case involving a charged conspiracy that spanned 30 years and a government list of more than 200 witnesses.  See United States v. W.R. Grace, supra, 526 F.23d at 513-16.

Here, assuming that the defense, consistent with Cannone, supra, can make a specific showing that disclosure, prior to the filing of a CIPA §5 submission, of a preliminary list of government exhibits and witnesses is material to the preparation of the defense and reasonable in light of the circumstances surrounding the case, the government is prepared to provide such a preliminary list to the defense, in which the government will identify witnesses and exhibits that will be necessary to prove the facts set forth in the superseding indictment, and some additional evidence that the government will want to use at trial.

However, the Court should permit the government to make reasonable amendments to that preliminary list before trial.  Simply put, the government will *not* be able to identify *all* of the evidence that it will seek to use at trial unless and until the government learns significantly more detail about the evidence that the defense will present at trial.  Only then can the government make strategic decisions about what evidence will be needed to lend necessary context to the government's case-in-chief and to rebut the defense case.  Therefore, the government respectfully requests that, should the Court direct the government to submit a preliminary list of witnesses and exhibits to the defense prior to defendant's filing of his CIPA §5 submission, the Court also expressly allow the government to make reasonable amendments

to that list before trial.[1]

## 2. The Court Should Not Require the Government to Assign a Filter Attorney to Review and Respond to Defendant's CIPA §5 Filing.

At the previous status hearing, the defense argued that the government should be required to assign a filter attorney to review and respond to defendant's CIPA §5 submission. This request should be denied.

In United States v. Poindexter, 725 F.Supp 13 (D.D.C. 1989), the government presented all the classified documents it intended to introduce as part of its case-in-chief before the defense made its CIPA §5 disclosure. Id. at 22-23. Nevertheless, the defendant claimed that CIPA §5, insofar as it required him to divulge to the government what classified information he expected to use at trial, violated his Fifth Amendment rights to remain silent and to testify in his own defense. Id. at 24. The district court rejected this claim, and held that:

> This argument assumes that defendant has an unqualified right to undiminished surprise with respect to his cross-examination, and that if there is any impairment of the element of surprise, however slight, cross-examination must be regarded as per se ineffective.

---

[1] As the Court knows, the defense in this case has enjoyed broad discovery and, if also provided with a preliminary list of government witnesses and exhibits, will further benefit from insight not required by CIPA into the government's trial strategy. Notably, as discussed below, the Court would be acting within its discretion were it to also compel the defense to supplement its CIPA §5 notice with additional details regarding the evidence the defense intends to use or elicit at trial. See United States v. North (North I), 910 F.2d 843, 901-03 (D.C. Cir. 1990)(upholding district court transmission to prosecution of 162-page defense "narrative summary" of classified information defense intended to use or elicit at trial, even though transmission did not strictly adhere to CIPA procedures and revealed aspects of trial defense to prosecutor, because summary "shed important, if limited, light on [defendant's] section 5 documentary notice"). Such additional details would enable the government to make reasonably prompt reciprocal determinations regarding what evidence it may seek to use to buttress its case-in-chief and rebut the defense evidence. This in turn would allow the government to amend its preliminary list further in advance of trial, and thereby benefit the Court and the defense.

Id. at 25.  The district court also pointed out that other laws required defendants to disclose certain defenses in advance of trial, that CIPA §5 did not require defendant to attribute any particular piece of information to the cross-examination of any particular witness, and that, as noted above, the court previously had required the government to present all classified documents it intended to produce as part of its case-in-chief.  Id. at 22.

Several other courts have rejected similar attempts by defendants to shield CIPA §5 disclosures from the prosecution under the guise of that such disclosure would infringe constitutional rights, and in doing so have dismissed these claims as mere attempts to preserve the strategic benefit of surprise at trial.  Indeed, as one district court recently held in rejecting a defense claim that CIPA §5's disclosure requirements violated the defendant's constitutional rights to confront and cross-examine witnesses against him, "the Confrontation Clause does not guarantee the right to undiminished surprise with respect to cross-examination of prosecutorial witnesses."  United States v. Drake, 2011 WL 1405379 (D.Md.); see also United States v. Ivy, supra, 1993 WL 316215 (rejecting similar defense attempt to avoid CIPA §5 disclosure *via* claim that disclosure violated defendant's constitutional rights to remain silent and testify in own defense); United States v. Rosen, 518 F.Supp.2d 798, 799 (E.D.Va. 2007)(rejecting similar defense attempt to avoid disclosure *via* Due Process claim).

Notably, one district court required the defense to go into even greater specificity than that required by CIPA §5 in pretrial disclosures to the prosecution regarding the nature of its trial defense.  In United States v. North (North I), 910 F.2d 843, 901 (D.C. Cir. 1990), after filing a CIPA § 5 submission, defendant filed, *ex parte* and *in camera*, a narrative summary of classified information that the defendant expected to use or elicit at trial.  See North I at 901.  Days later,

the district court ordered the defendant to transmit the narrative statement to the prosecutor. Id. On appeal, the defendant claimed that the district court's transmission of his narrative statement to the prosecutor "confirmed" or "made clear" various aspects of his defense and denied him the advantage of surprise at trial. Id. The panel rejected that claim, and held that defendant enjoyed broad discovery, that the government's CIPA §6 filings gave the defendant insight not required by CIPA into the government's trial strategy, that the government gained little tactical advantage from the narrative statement, and that the narrative statement shed important light on defendant's CIPA § 5 notice. Id. at 902-03.

Given the above precedent, defendant has no right to have a filter attorney review and respond to defendant's CIPA §5 filing merely to protect defendant's strategic ability to surprise the prosecutor at trial with the information contained in the filing. In short, the defense has provided no reason to believe that the trial prosecutor would become "tainted" by information set forth in the CIPA §5 submission, thereby necessitating a firewall, or in fact that *any* constitutional right held by the defendant would be violated by the trial prosecutor's access to information set forth in defendant's CIPA §5 submission.

## CONCLUSION

WHEREFORE, the Government respectfully submits the above brief in response to the Court's order dated May 2, 2011.

>Respectfully submitted,
>
>RONALD C. MACHEN JR.
>UNITED STATES ATTORNEY
>D.C. Bar Number 447-889
>
>_____/s/_____
>David J. Mudd
>Special Assistant United States Attorney
>D.C. Bar Number 995154
>National Security Section
>United States Attorney's Office
>555 Fourth Street, N.W., 11th Floor
>Washington, DC 20530
>(202) 252-7785
>david.mudd2@usdoj.gov
>
>MICHAEL C. DILORENZO
>Assistant United States Attorney
>Maryland Bar Number 931214 0189
>National Security Section
>United States Attorney's Office
>555 Fourth Street, N.W., 11th Floor
>Washington, DC 20530
>(202) 252-7938
>michael.dilorenzo@usdoj.gov
>
>PATRICK T. MURPHY
>Trial Attorney
>New York Bar Number 2750602
>Counterespionage Section
>National Security Division
>U.S. Department of Justice
>600 E Street, N.W.
>Washington, D.C . 20004

                (202) 233-2093
                patrick.murphy@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing brief was served upon defense counsel, Aitan Goelman, on May 10, 2011, via ECF.

                                        /s/
                                  David J. Mudd
                                  Special Assistant United States Attorney
                                  D.C. Bar Number 995154
                                  National Security Section
                                  United States Attorney's Office
                                  555 Fourth Street, N.W., 11th Floor
                                  Washington, DC 20530
                                  (202) 252-7785
                                  david.mudd2@usdoj.gov