UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 09-278 (JDB)** |
| v. | : | |
| **ROBERT J. CABELLY,** | : | |
| **Defendant.** | : | |

## NOTICE REGARDING COMPLETION OF ANCILLARY PROCESS FOR FORFEITED PROPERTY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully informs the Court that the Government has commenced the ancillary process for the specific properties forfeited in the Amended Order of Forfeiture ("Amended Order") entered by this Court on march 15, 2013, and that no third party has filed a petition with the Court asserting an interest in any of the properties. The Amended Order is now the final order as to third parties, and the United States has clear title to the specific properties listed in the Amended Order.

## FACTUAL BACKGROUND

1. On March 3, 2011, the United States filed a Superseding Indictment against the defendant charging eight separate counts and a forfeiture allegation.

2. On March 19, 2011, Mr. Cabelly pled guilty to Count One of the Indictment which charged Conspiracy to Violate the International Emergency Economic Powers Act and the Sudanese Sanctions Regulations and to Act as Unregistered Agent of a Foreign Government, in violation of 18 U.S.C. §§ 1371, 951, and 50 U.S.C. §§ 1701-1705.

3. On June 22, 2011, this Court entered a Consent Order of Forfeiture against Mr. Cabelly declaring $140,000 forfeitable to the United States in the form of a money judgment. The parties agreed that $32,409 seized from the defendant in October 2006 and $20,000 seized from the defendant's residence and business premises in May 2007 would be credited against the money judgment, thereby reducing the amount owed to $87,591.

4. On March 15, 2013, this Court entered an Amended Order of Forfeiture forfeiting $140,000 to the United States in the form of money judgment.  The United States requested the Amended Order, because the currency seized from the defendant's residence and business properties was foreign currency.  After the seized currency was exchanged for US currency, an amended order was needed to reflect the correct value of the seized currency.  The order listed the following specific property as being subject to forfeiture: (1) The parties have agreed that $32,409 seized from the defendant on October 25, 2006 and (2) the $20,196.25 seized from the defendant's residence and business premises in May 2007 will be credited against the money judgment, reducing the amount owed to $87,394.75.   The $20,196.25 from the May seizures includes: $8,590.00 (07-FBI-005930) seized from Rhode Island Ave. NW, Washington, D.C on May 15, 2007, and $11,606.25 (07-FBI-005931) seized from 9th Street SE, Washington, DC on the same day.

## APPLICABLE PROCEDURE

5. An order of forfeiture as to a defendant for specific property does not address any interest that a third party may have in that property.  See FED. R. CRIM. P. 32.2(b)(2)(A) ("The Court must enter the [forfeiture] order without regard to any third party's interest in the

property."). It "remains" a preliminary order as to third parties until the ancillary proceeding is completed. Id. 32.2(b)(4)(A).

6. The purpose of the ancillary proceeding is to "resolve" any third party claims to specific property subject to a forfeiture order.[1]  United States v. Cox, 575 F.3d 352, 358 (4th Cir. 2009); see also FED. R. CRIM. P. 32.2(b)(2)(A) (Determination of third party interest is "deferred until any third party files a claim in an ancillary proceeding."). The Government commences the ancillary proceeding by publishing notice of the forfeiture order and "send[ing] notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture." FED. R. CRIM. P. 32.2(b)(6)(A); see also 21 U.S.C. § 853(n)(1) (Government must publish notice of the order and "may also, to the extent practicable provide direct written notice to any person known to have alleged an interest in the property."). A third party asserting a legal interest in forfeited property must "petition the court for a hearing to adjudicate the validity" of the interest within the earlier of thirty days of the final publication of notice or the receipt of direct written notice. 21 U.S.C. § 853(n)(2).

7. In accordance with Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n)(1), the Government published notice of the forfeiture of the specific properties listed in the Amended Order of Forfeiture on the Government's official internet site, www.forfeiture.gov, from March 22, 2013, to April 20, 2013. See Attachment 1. The Government is not aware of

---

[1] "[N]o ancillary proceeding is required to the extent that the forfeitures consists [solely] of a money judgment." FED. R. CRIM. P. 32.2(c)(1). A forfeiture money judgment "is an *in personam* judgment against the defendant and not an order directed at specific assets in which any third party could have any interest." FED. R. CRIM. P. 32.2 advisory committee's note.

any person who appears to have an interest in the specific properties listed in the Amended Orders and thus did not send direct written notice of the Amended Order to any third parties.

8. The time period for claiming an interest in the above-referenced properties under 21 U.S.C. § 853(n)(1) has expired. No person has filed a petition with this Court asserting an interest in the properties. The Amended Order is now the final order as to third parties. See FED. R. CRIM. P. 32.2(c)(2) ("If no third party files a timely petition, the preliminary order becomes the final order of forfeiture"). Any interest that a third party may have had in the properties has been "extinguishe[d]." United States v. Marion, 562 F.3d 1330, 1339 (11th Cir. 2009) ("The failure to file a petition within . . . thirty-day time period extinguishes a third-party's interests."). The United States has clear title to the specific properties listed in the Amended Order. See 21 U.S.C. § 853(n)(7) (if no petitions are filed, "the United States shall have clear title to property that is the subject of the order of forfeiture"); see also United States v. Erpenbeck, 472 B.R. 13, 18 (S.D. Ohio 2011) (title to forfeited property "automatically vested in the United States" when no petition was filed).

4

## **CONCLUSION**

Wherefore, the United States respectfully files this Notice regarding the completion of the ancillary process for the specific properties listed in the Amended Order.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447889


By:  _/s/ Arvind K. Lal_____
ARVIND K. LAL
D.C. Bar No. 389496
Assistant United States Attorney
Chief, Asset Forfeiture and Money Laundering Section
555 4th Street, N.W.
Washington, D.C.  20530
202-252-7688
Arvind.Lal@usdoj.gov